

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-80,659-02

### EX PARTE NATHAN RYAN WELLS, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 09-07-07284-CR IN THE 410th DISTRICT COURT
### FROM MONTGOMERY COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession of a controlled substance with intent to deliver and sentenced to ten years' imprisonment. He did not appeal his conviction.

Applicant contends, *inter alia*, that his plea was involuntary because it was based on "false positive drug test results performed by a dishonest analyst at DPS Crime Lab in Houston." The trial court, based upon this Court's opinion in *Ex parte Coty*, 418 S.W.3d 597 (Tex. Crim. App. 2014), recommends that relief be granted in this case. However, at the time the trial court entered its

findings of fact and conclusions of law, it did not have the benefit of this Court's opinion in *Ex parte Barnaby*, No. WR-80,099-01, ___ S.W.3d ___ (Tex. Crim. App. November 4, 2015). Therefore, we believe additional findings of fact are necessary in order to resolve the issue in this case.

As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. *Id.*

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law in regard to Applicant's claim that his plea was involuntary. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: January 27, 2016
Do not publish